IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| VELMA COOKSEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 13 C 8619 |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, | ) ) ) ) | Judge Joan H. Lefkow |
| Defendant. | ) | |

## ORDER

Defendant Board of Education of the City of Chicago's motion to dismiss count III of plaintiff Velma Cooksey's complaint (dkt. 5) is granted without prejudice to her establishing constructive discharge as an element of her ADEA claim. Defendant is directed to answer the complaint as to Count I and II. The hearing date of February 25, 2014 is vacated. Scheduling conference is set for April 10, 2014 at 11:00 a.m. See statement.

## STATEMENT

On December 2, 2013, Cooksey filed a three-count complaint against defendant Board of Education of the City of Chicago ("CPS"), alleging discrimination based on age in violation of the Age Discrimination in Employment Act ("the ADEA"), 29 U.S.C. §§ 621 *et seq.*, retaliation for having exercised her rights under the ADEA, and constructive discharge. (Dkt. 1.) Cooksey asserts in her complaint that she was the principal of Wadsworth Elementary School from 2003 until 2013; that beginning in the summer of 2013, certain CPS employees "subjected Cooksey to discipline and different terms and conditions of employment"; and that she filed internal complaints and a charge of age discrimination with the Equal Opportunity in Employment Commission ("the EEOC"), after which she was subjected to retaliation and ultimately constructively discharged from employment on June 30, 2013. (Dkt. 1, ¶¶ 15-17, Exh. A).[1]

---

[1] Cooksey filed another suit before this court, *Cooksey* v. *Board of Education of the City of Chicago*, No. 12 C 7180 (N.D. Ill. Filed Sept. 7, 2012) (*"Cooksey I"*), in which the court recently granted summary judgment to CPS. *See* Opinion and Order, *Cooksey I* (No. 12 C 7180), Feb. 19, 2014, ECF 71. In *Cooksey I*, Cooksey also alleged ADEA discrimination and retaliation but based her allegations in that suit on a previous charge that she filed with the Equal Employment Opportunity Commission. Cooksey filed the present suit (*"Cooksey II"*) after the court denied her motion to amend *Cooksey I* to include the allegations presently set out in *Cooksey II* to *Cooksey I*. *See* Minute Order, *Cooksey I* (No. 12 C 7180). Nov. 5, 2013, ECF 41. The court also denied Cooksey's motion to reconsider that decision. *See* Order, *Cooksey I*, (No. 12 C 7180), Dec. 6, 2013, ECF 60.

Count I of the complaint alleges discrimination in violation of the ADEA. Count II alleges retaliation for filing internal complaints and an EEOC charge. Count III asserts an Illinois common law claim for constructive discharge. Count III alleges that "CPS' malicious and willful mistreatment of Cooksey of subjecting her to additional discipline and different terms and conditions of employment . . . would have compelled a reasonable person to resign." (*Id.* ¶ 27.)

On January 24, 2014, CPS moved to dismiss count III of Cooksey's complaint. (Dkt. 5.) CPS reasons that the court must dismiss this Illinois state law claim because "no cause of action for 'constructive discharge' exists under Illinois law." (*Id.* at 3.) Its motion points to cases that explain that "retaliatory constructive discharge claims are not recognized in Illinois." (*Id.* (quoting *Seddon* v. *Maytag Corp.*, 178 F. App'x 557, 559 (7th Cir. 2006)).) The court allowed Cooksey to respond to the motion in writing (dkt. 8), which Cooksey did on February 11, 2014. (Dkt. 9.) CPS replied (without leave of court to do so) on February 17, 2014. (Dkt. 11.)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). To survive a 12(b)(6) motion , the complaint must not only provide the defendant with fair notice of a claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

CPS interprets count III of Cooksey's complaint as being one for retaliatory constructive discharge. Such a claim, they contend, is not viable in Illinois, citing, *inter alia, Bell* v. *Don Prudhomme Racing, Inc.*, 939 N.E.2d 100, 107-08, 405 Ill. App. 3d 223, 345 Ill. Dec. 371 (2010) (quoting *Welsh* v. *Commonwealth Edison Co.*, 713 N.E.2d 679, 683, 306 Ill. App. 3d 148, 239 Ill. Dec. 148 (1999)) (The Illinois Supreme Court "has not expanded the tort of retaliatory discharge to encompass any behavior other than actual termination of employment."). Cooksey has not alleged that she was actually discharged. Cooksey's response brief is difficult to understand, but she seems to argue that her claim should not be read this narrowly, and that count III of her complaint alleges constructive discharge in general, not simply retaliatory constructive discharge.

Illinois has a number of laws that protect employees from unlawful discrimination or termination, including (as relevant here) the Human Rights Act, 775 Ill. Comp. Stat. 5/1-101 *et seq.*, and the common law tort of retaliatory discharge. "[T]he tort of retaliatory discharge is

available only under two situations: (1) where the discharge stems from exercising rights pursuant to the Illinois Workers' Compensation Act (820 Ill. Comp. Stat. 305/1 *et seq.*) or (2) where the discharge is for "whistleblowing" activities, reporting illegal or improper conduct." *Irizarry* v. *Ill. Cent. R. Co.*, 879 N.E.2d 1007, 1012, 377 Ill. App. 3d 486, 316 Ill. Dec. 619 (2007). "To establish a claim for retaliatory discharge, a plaintiff must show (1) that he has been discharged in retaliation for his activities; and (2) that the discharge violates a clear mandate of public policy." *Id.* at 1010. Illinois courts consistently have refused to expand the tort to encompass a private and individual grievance. *See id.* at 1012 (citations omitted).

As under the ADEA and other federal anti-discrimination laws, Illinois courts recognize constructive discharge[2] as sufficient to establish an adverse employment action under the Human Rights Act. *See, e.g., Steele* v. *Ill. Human Rights Comm'n*, 513 N.E.2d 1177, 1179, 160 Ill. App. 3d 577, 112 Ill. Dec. 568 (1987) (relying on federal Title VII case law in accepting concept of constructive discharge in employment discrimination cases); *Motley* v. *Ill. Human Rights Comm'n*, 636 N.E.2d 100, 104, 263 Ill. App. 3d 367, 200 Ill. Dec. 909 (1994); *Stone* v. *Dep't of Human Rights*, 700 N.E.2d 1105, 1112, 299 Ill. App. 3d 306, 233 Ill. Dec. 397 (1998). Illinois courts do not, however, recognize constructive discharge in claims of retaliatory discharge, as the cases on which CPS relies make crystal clear.[3] Rather, for retaliatory discharge, there must be actual termination. *See Bell*, 939 N.E.2d at 107-08; *Welsh*, 713 N.E.2d at 683; *Seddon*, 178 F. App'x at 559-60 ("[A]s things stand now, retaliatory constructive discharge claims are not recognized in Illinois, and the Illinois Supreme Court's language strongly discourages us from turning [this] claim into a novel cause of action under Illinois law."); *Dudycz* v. *City of Chicago*, 563 N.E.2d 1122, 1126, 206 Ill. App. 3d 128, 151 Ill.Dec. 16 (1990) ("[T]he concept of constructive discharge has been rejected in the context of retaliatory discharge cases, having been found to be outside the narrow parameters of that cause of action."). Moreover, where courts in Illinois have allowed a constructive discharge claim to proceed, it is because the claim was tethered to a violation of a specific statute, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, or the ADEA, rather than presented as a separate count. *See, e.g., Gibson* v. *Am. Library Ass'n*, 846 F. Supp. 1330, 1334 (N.D. Ill. 1993) (plaintiff's constructive discharge claim was not separate count but instead evidence to support Title VII race discrimination and 42 U.S.C. § 1981 counts); *Burnell* v. *Gen. Tel. Co. of Ill., Inc.*, 536 N.E.2d 1387, 181 Ill. App. 3d 533, 130 Ill. Dec. 176 (1989) (plaintiff alleged constructive discharge in violation of ADEA, albeit insufficiently to prevail on appeal due to insufficient evidence).

The meat of count III states, "CPS's malicious and willful mistreatment of Cooksey of

---

[2] "A constructive discharge occurs when an employee's working conditions are made so intolerable the employee, acting as a reasonable person, is compelled to resign." *Stone* v. *Dep't of Human Rights*, 700 N.E.2d 1105, 1112, 299 Ill. App. 3d 306, 233 Ill.Dec. 397 (1998) (citing *Motley* v. *Ill. Human Rights Comm'n*, 636 N.E.2d 100, 104, 263 Ill. App. 3d 367, 200 Ill. Dec. 909 (1994)).

[3] *Cf. Bell* v. *Bimbo Food Bakeries Dist.*, No. 11 C 3343, 2012 WL 2565849, at *3 (N.D. Ill. July 2, 2012) (analogizing to Human Rights Act and suggesting, without deciding, that Illinois courts might recognize constructive termination of a franchise under Illinois Franchise Disclosure Act.)

subjecting her to additional discipline and different terms and conditions of employment including but [not] limited to being given a disciplinary action which was made public and threats of being discharged would have compelled a reasonable person to resign." (Dkt. 1 ¶ 27.) Cooksey alleges she was constructively discharged but does not allege that her constructive discharge resulted from violation of Illinois law. Her allegation that she filed internal complaints is the only whisper of such a claim, but Cooksey has no authority for an argument that retaliation resulting in constructive discharge for filing an internal complaint against CPS would violate public policy or otherwise violate Illinois statutory or common law. For these reasons, count III is dismissed with prejudice, although Cooksey may proceed to establish constructive discharge as an element of her ADEA claim.

Date: February 24, 2014

_____
U.S. District Judge Joan H. Lefkow